Dear Jonathan A. Hodgson, Esquire
On behalf of the Town of Centreville ("Town"), you asked for our opinion about the effect of the Town's annexation of land on certain open space easements previously granted with respect to that land. The open space easements in question were granted in accordance with the Queen Anne's County ("County") zoning law while the property was outside Town boundaries. A new provision of the County zoning law authorizes the County Commissioners, in their discretion, to release easements under certain conditions if the property is annexed by a municipality.[1] In an opinion that accompanied your request, you concluded that the open space easements were simply an enforcement mechanism for the County zoning regulations, and that they became null and void upon annexation of the land by the Town, without any action by the County Commissioners.
We respectfully disagree. In our opinion, the land use restrictions created by the open space easements remain enforceable following annexation. The County ordinance provides a permissible procedure for releasing those restrictions on the use of the land.
 I Open Space Easements
An easement is a nonpossesory interest in the real property of another, created either by express grant or by implication. Miller v. Kirkpatrick, 377 Md. 335, 349-50, 833 A.2d 536 (2003). To comply with Annotated Code of Maryland, Real Property Article ("RP"), § 3-101, a deed of easement must be recorded in the land records, thus giving notice of the restriction on the land. In general, an easement lasts in perpetuity, or until the grantee's rights are extinguished in accordance with the terms of the instrument. See RP § 4-105 (a grant of easement lasts in perpetuity, "[u]nless a contrary intention appears by express terms or is necessarily implied").
Maryland law provides expressly for conservation easements. See RP § 2-118. The statute provides that any restriction prohibiting or limiting the use of water or land areas for certain purposes, whether drafted in the form of an easement or otherwise, creates an enforceable "incorporeal property interest," if the restriction is properly executed. RP § 2-118(a). If the restriction is not granted for the benefit of any dominant tract of land,[2] it is enforceable as an easement in gross.[3] RP § 2-118(c). If the deed or other instrument creating an easement to preserve agricultural, historic, or environmental qualities fails to specify a grantee, the easement passes to the Maryland Agricultural Land Preservation Foundation, the Maryland Historical Trust, or the Maryland Environmental Trust. RP § 2-118(e); see also Maryland Environmental Trust v. Gaynor,370 Md. 89, 803 A.2d 512 (2002).
State policy facilitates the creation of conservation easements and similar restrictions on development that are formally imposed on land to preserve its open space or other characteristics. See Annotated Code of Maryland, Natural Resources Article, § 3-201 et seq. (Maryland Environmental Trust may accept donations of conservation easements); Annotated Code of Maryland, Article 83B, § 5-607(a) (Maryland Historical Trust may accept interests in real property); Annotated Code of Maryland, Article 66B, § 8.04 (historic district commission or historic preservation commission may acquire easements to ensure protection of historically, archeologically, or architecturally significant property); Annotated Code of Maryland, Agriculture Article, § 2-510 (Maryland Agricultural Land Preservation Foundation may purchase easements to protect agricultural land).
 II Open Space Easements in Queen Anne's County
A. Easements Granted to Comply with County Zoning Law
Under the Queen Anne's County zoning ordinance and subdivision regulations, a developer may be required, as a condition of development approval, to restrict certain portions of the land to open space use. See, e.g., Queen Anne's County Code, §§ 18-1-97 through 18-1-99 (noncontiguous development); §§ 18-1-100 through 18-1-107 (transferable development rights).[4] For this purpose, the owner is to sign and acknowledge an instrument that will be recorded in the County land records. Id., §§ 18-1-99, 18-1-104, 18-1-106. The County Code prescribes specific provisions to be included in the instrument. Id., § 18-1-205.
You provided with your request an example of a deed of easement apparently created as part of the approval of a cluster subdivision under similar provisions of a prior version of the County Code. The deed states that the County zoning ordinance requires a portion of the grantors' land to be restricted as open space, that the deed is designed to satisfy those requirements, and that it is not intended to confer substantive rights or responsibilities on the owners of lots within the cluster subdivision. Article III, § 2.[5] The deed also states that it preserves to the grantors the right to modify the restrictions described in the deed "in the event the Zoning Ordinance permits additional subdivision of the `Open Space'" and if the grantors obtain final subdivision approval for the modifications. Id.
The deed designates the County Commissioners of Queen Anne's County as the "grantee." The deed states that it creates an easement that "shall run with and bind all land with[in] the subdivision" and that it is binding on the landowner grantors, and their successors and assigns. Article II, § 2. It prohibits the use of those portions of the subdivision designated as "open space" except for certain limited recreational or agricultural uses and accessory residential uses, as permitted by the County zoning ordinance. Article IV, § 1(a)-(c). The deed provides that, in the event of a conflict between provisions of the deed and any law or regulation, the more restrictive provision prevails. Article IV, § 1(d).
The deed defines "open space" as undeveloped land required by the County zoning ordinance to be restricted for resource protection, recreational uses, or certain other uses. Article I, § 5. The "zoning ordinance" is defined as the Queen Anne's County zoning ordinance in effect on the date of the deed, as well as future amendments of that law. Article I, § 7.
The deed provides for enforcement by the Queen Anne's County Commissioners or their designee, or by the Queen Anne's County Planning Commission.[6] Article II, § 3. It precludes any amendment or change unless the instrument acknowledging the change is executed by the County Commissioners and recorded among the land records of Queen Anne's County. Article II, § 4.
B. Release of Easements under County Zoning Law
A recently enacted provision of the County zoning law allows for the elimination of open space restrictions following annexation of land by a municipality. It provides:
 Any open space restrictions established by the instrument shall be null and void and of no force and effect following:
 (i) annexation of the open space by a municipal corporation within Queen Anne's County; and
 (ii) final approval by the municipal corporation of a subdivision or site plan that would permit uses other than those uses authorized in the instrument; and
 (iii) the execution of a release in recordable form by the County Commissioners releasing the land from the force and effect of the instrument. The execution of such release shall be in the sole and exclusive discretion of the County Commissioners.
Queen Anne's County Code, § 18-1-205(d)(8). The ordinance thus allows for a general release of use restrictions in an open space easement granted under the County zoning law, when the open space land is annexed by a municipality and the municipality has granted final approval of a subdivision or site plan permitting uses not allowed by the open space restrictions. Whether a release is given is left to the discretion of the County Commissioners on a case-by-case basis.
You ask whether the Commissioners effectively lack discretion to decline to release an open space easement on land annexed by the Town. You suggest that, like the County zoning law itself, an easement granted to obtain approval under that law becomes null and void upon municipal annexation of the land.
 III Analysis
A. Effect of Annexation
Annexation of land by a municipality potentially alters zoning restrictions affecting that land. When a municipality with planning and zoning authority (such as Centreville) annexes land, it generally obtains exclusive planning and zoning authority in the area annexed, subject to certain limitations.[7] Annotated Code of Maryland, Article 23A, § 19(s).
In contrast to its effect on zoning authority, the annexation of land subject to a recorded easement generally has no direct effect on the easement. It is universally accepted that land use restrictions imposed by an easement and those imposed by zoning regulations operate independently of one another. See E.H. Ziegler, et al., 5 Rathkopf's Law of Zoning and Planning § 82:2 (4th ed. 2004). Thus, "[w]hen a zoning restriction and a private covenant are in conflict, the more restrictive of the two prevails." Id.; see also Martin v. Weinberg, 205 Md. 519,527-28, 109 A.2d 576 (1954) (contractual restrictions on land use are neither abrogated nor enlarged by zoning restrictions).[8]
Accordingly, while annexation may subject land to a new zoning and subdivision regulatory regime, it does not directly affect restrictions imposed by private covenants such as easements.[9] See Sorrentino v. Cunningham, 111 Ind. 212, 39 N.E.2d 473 (1942) (annexation of area by City of Indianapolis and adoption of zoning ordinance did not relieve land of covenants restricting sale of intoxicating beverages and other activities).
The fact that an open space easement may prevent or restrict certain uses of land in much the same way as a zoning ordinance or other local land use regulation might do does not convert the deed restrictions into governmental regulations. Nor does the fact that deed restrictions might be required by a county to achieve the same goals as a zoning or other land use ordinance convert the deed restrictions into governmental regulations. Deed restrictions and regulatory land use restrictions on the same property operate independently. See Mikolasko v. Schovee,124 Md. App. 66, 87-88, 720 A.2d 1214 (1998), aff'd on other grounds,356 Md. 93, 737 A.2d 578 (1999).
In the situation presented by your inquiry, land once situated in the County and subject to the County's land use regulations was also made subject, at the County's instance, to a recorded open space easement running in favor of and enforceable by the County. When the Town annexed this property, the land use regulatory authority of the County terminated, but the easement in the County's favor continued. Thus, while the County can no longer enforce its zoning ordinance or subdivision regulations with respect to the property, County authorities can continue to enforce specific use restrictions set forth in the deed of easement.[10] The Town has no power to authorize development that would contravene restrictions in the easement, and the easement cannot authorize development that is forbidden by the Town's zoning ordinance or subdivision regulations.
B. Effect of County Ordinance
Section 18-1-205(d)(8) of the Queen Anne's County Code authorizes the County Commissioners to release an open space easement when land has been annexed by a municipality and that municipality, in the exercise of its own planning and zoning authority, approves a use not permitted by the easement. The County Commissioners, as the grantee of the deed of easement and the authority given enforcement power by its terms, could release the property from the open space restrictions. While the ordinance requires that the release be "in recordable form," the release is not effective until it is actually recorded in the County land records. For example, the sample deed that you provided states that a change or amendment (of the deed of easement) shall not be effective until . . . a written document acknowledging such change or amendment shall be executed by the County Commissioners of Queen Anne's County and recorded among the Land Records of Queen Anne's County." Article II, § 4.
 IV Conclusion
Open space easements granted in compliance with the Queen Anne's County zoning ordinance are enforceable by County authorities, even after annexation of the land involved by a municipal corporation having planning and zoning authority. The County Commissioners, as the grantee and the authority given enforcement power by the terms of the deed of easement, can release the property from restrictions in the easement.
 J. Joseph Curran, Jr. Attorney General
 Judith A. Armold Assistant Attorney General
 Robert N. McDonald Chief Counsel Opinions and Advice
[1] Your request for an opinion concerned an earlier proposed version of this ordinance. The County adopted a somewhat different version shortly before your request was made.
[2] The land of the easement grantor is sometimes referred to as the "servient tenement" or "servient estate." See Miller v. Kirkpatrick,377 Md. 335, 349-50, 833 A.2d 536 (2003). When the easement is for the benefit of the owner of other land, that land is referred to as the "dominant tenement" or "dominant estate." Id.
[3] An easement "in gross" is one benefitting a particular person or the public generally, rather than a particular tract of land. Colonial Pipeline Co. v. State Department of Assessments Taxation, 371 Md. 16, 29 n. 17,806 A.2d 648 (2002).
[4] The recently enacted version of the County's land development law is available on the County's website at http://www.qac.org/depts/planzone/refs/Title18txt.pdf. Similar provisions appeared in prior versions of the County zoning law.
[5] Similar provisions appear in preliminary recitals of the deed.
[6] The deed grants the County Commissioners or their designee, or the County Planning Commission, a right to enter the land designated as open space for purposes of inspection and enforcement of the easement. Article V.
[7] A municipality that annexes land previously subject to county zoning must either wait five years before reclassifying the land to permit a substantially different use, or obtain the assent of the county to the reclassification. Annotated Code of Maryland, Article 23A, § 9(c)(1); see Mayor and Council of Rockville v. Rynlyns, Inc., 372 Md. 514, 548-61,814 A.2d 469 (2002).
[8] Of course, in some instances, it may not be clear whether the zoning regulations or an easement is more restrictive. If there is a conflict between the two, it will be up the property owner in the first instance, and perhaps ultimately a court, to resolve the issue.
[9] Annexation may indirectly affect the enforceability of such a covenant if the new zoning regime results in nearby development and a court deems it inequitable to enforce the restrictions in the covenant. See E.H. Ziegler, supra, § 82:4.
[10] As noted above, several provisions of the sample deed of easement state that the restrictions imposed by the easement are subject to future amendments of the County zoning ordinance or to future action by County land use authorities. See Article III, § 2 (grantors may reduce area of open space if County zoning ordinance permits additional subdivision of that area); Article IV, § 1(c) (grantors may authorize additional uses of restricted area if County zoning ordinance permits such uses for open space); Article IV, § 1(d) (uses of open space permitted by easement must also be in compliance with County zoning ordinance).
In our view, these authorizations to modify the restrictions in the easement can be given effect in accordance with their terms, only so long as the land covered by the easement continues to be subject to the land use regulatory authority of the County Commissioners. Once the land is annexed and land use regulatory authority passes to the Town, these provisions have no continuing effect. They cannot give the County's land use regulations or its zoning or subdivision officials authority within the limits of a municipality that itself possesses planning and zoning authority. At the same time, however, these provisions do not invalidate other parts of the easement that can be given effect in the absence of continuing County land use regulatory authority. *Page 144